# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT BASHAM and ANGELA BASHAM, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 4:07CV1600 CDP |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on respondent's motions to dismiss petitioners' petition to quash multiple IRS summons. Respondent has served third-party summonses on several entities pursuant to 26 U.S.C. § 7609. Petitioners have moved to quash the summonses because of alleged procedural defects and alleged violations of their constitutional rights. Upon review of the petition and the briefs, the Court finds that the petition has no legal merit, and the Court will grant respondent's motions to dismiss this action.

## Discussion

Petitioners have moved the Court to quash summonses issued to Washington Mutual, ACS, Inc., Capital One Bank, FSB, First Premier Bank, Hillsboro Title Company, Crawford County Title Company, Town & Country Bank, and First Community National Bank as part of an investigation of Angela Basham's tax liability and possible criminal conduct. Petitioners argue that the summonses are

procedurally faulty because respondent allegedly failed to serve "attested copies of the original summonses." Petitioners further argue that the summonses violate their rights under the Fourth and Fifth Amendments.

Respondent has moved the Court to dismiss this action as to third-parties Washington Mutual, ACS, Inc., Capital One Bank, FSB, and First Premier Bank for lack of jurisdiction. Respondent has separately moved the Court to summarily dismiss this action as to third-parties Hillsboro Title Company, Crawford County Title Company, Town & Country Bank, and First Community National Bank because the petition to quash fails to allege facts that would show that the summonses are overbroad or demand documents that are irrelevant to the purpose of the investigation.

**1.     Jurisdiction Under IRC § 7609**

The jurisdiction of a district court to hear a proceeding to quash a third-party summons rests on IRC § 7609(h)(1). Section 7609(h) provides as follows:

(h) Jurisdiction of district court; etc.--

(1) Jurisdiction.–The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subjection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

Petitioners do not dispute respondent's assertion that third-parties Washington Mutual, ACS, Inc., Capital One Bank, FSB, and First Premier Bank are not found in this District or that this Court lacks jurisdiction to grant their petition as to these third-parties. As a result, the Court will dismiss the petitions directed toward these third-parties for lack of jurisdiction.

**2.    Attestations**

Petitioners argue that the summonses are procedurally faulty because respondent allegedly failed to serve attested copies of the original summonses. This is incorrect. Respondent has filed attested copies of the summonses with the Court, which were served on the third-party record-keepers. As a result, petitioner's claim regarding the procedural defects in the summonses is without merit.

**3.    Constitutional Claims**

To counter a petition to quash, the Government must demonstrate that (1) the summons is issued for a legitimate purpose, (2) the material sought is relevant to that purpose, (3) the material sought is not already within the Government's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 58 (1964). The Government generally makes its requisite Powell showing by submitting to the court an affidavit or declaration of the IRS agent who issued the summonses.

To establish a prima facie case for upholding a summons, the Government must make only a minimal showing of the Powell requirements. The Government's burden is a slight one because a summons action is a summary proceeding that is brought "only at the investigative stage of an action against the taxpayer, and 'the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" Alphin v. United States, 809 F.2d 236, 238 (4th Cir. 1987) (quoting United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); United States v. Linsteadt, 724 F.2d 480, 482 (5th Cir. 1984). "Once the government has made its prima facie case, the burden shifts to the party challenging the summons to show that enforcement would be an abuse of the court's process. The party challenging the summons bears the heavy burden of disproving the actual existence of a valid civil tax determination or collection purpose." Alphin, 809 F.2d at 238.

In response to the petitioner's allegations, the Government has submitted the Declaration of IRS Special Agent Cheryl A. Vautrain explaining the factual circumstances surrounding the summonses' issuance. In her declaration, Special Agent Vautrain establishes that, among other things, (1) she was investigating the petitioner Angela Basham's 2003-2006 personal federal income tax liabilities and whether she has engaged in crimes or conduct that is subject to penalty in connection with preparing income tax returns for customers; (2) the summoned entities possessed information that may further the investigation; (3) the information she sought

previously had not been in the IRS's possession; and (4) the administrative steps required by the Internal Revenue Code had been followed. Under Powell, therefore, the Declaration of Special Agent Vautrain makes out the Government's prima facie case for upholding the summonses. The burden has therefore shifted to the petitioners to disprove the actual existence of a valid civil tax determination or collection purpose.

Petitioners have failed to bring forth any facts that would disprove the actual existence of a valid civil tax determination or collection purpose. Petitioner's arguments are merely conclusory or are based on incorrect points of law. As a result, the motions to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motions to dismiss [#'s 3, 5] are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of November, 2007.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE